UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00059-GNS-HBB

WILLIAM MATTHEW YOUNG                                          PLAINTIFF

v.

KILOLO KIJAKAZI,[1] Acting Commissioner of
Social Security Administration                               DEFENDANT

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Objection (DN 23) to the Magistrate Judge's

Findings of Fact, Conclusion of Law, and Recommendation (DN 22).  For the reasons outlined

below, the objection is **OVERRULED**.

## I.      **STATEMENT OF FACTS**

This action arises from the denial of the protective applications for Title II disability

insurance benefits and supplemental security income filed by Plaintiff William Matthew Young

("Plaintiff").  (Administrative R. 52, 129-202, 295-303, DN 13 [hereinafter R.]).  Plaintiff alleges

that his disability began on December 22, 2015, and he alleges that he is disabled as a result of

---

[1]  Kilolo Kijakazi ("Kijakazi") became Acting Commissioner of the Social Security
Administration on July 9, 2021.  Pursuant to Fed. R. Civ. P. 25(d), Kijakazi should be substituted
as Defendant in this matter.  No further action needs to be taken to continue this suit.  *See* 42
U.S.C. § 405(g).

anxiety, depression, shoulder injury, neck injury, back injury, and elbow injury.  (R. 295, 327, 332).

The administrative law judge ("ALJ") conducted a video hearing on October 17, 2018. (R. 52).  On December 5, 2018, the ALJ rendered a decision determining that Plaintiff was not disabled using the five-step sequential process established by the Social Security Administration ("SSA").  (R. 67).  At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 22, 2015.  (R. 55).  Second, the ALJ determined that Plaintiff's conditions that qualified as severe impairments were:  cervical and lumbar degenerative disc disease, thoracic scoliosis, left cubital tunnel syndrome, status-post release; bilateral carpal tunnel syndrome; degenerative joint disease of the left shoulder; left upper truck brachial plexopathy; lung nodules; intermittent diplopia associated with episodes of vertigo; obesity; anxiety disorder; major depressive disorder; and conversion disorder.  (R. 55-56).  Next, the ALJ found that Plaintiff did not have any impairment or combination of impairments that meets one of the listed impairments in Appendix 1.  (R. 56-58).

At the fourth step, the ALJ found that Plaintiff has the residual functional capacity to perform light work but such work could only include occasional reaching, handling, and fingering with his non-dominant left upper extremity.  (R. 59).  The ALJ also found that Plaintiff could occasionally climb stairs and ramps, but could not kneel, crawl, or climb ladders, ropes, or scaffolds.  (R. 59).  While Plaintiff could perform occasional balancing, stooping, kneeling, crouching, and crawling, he could not perform work that involved exposure to extreme cold and could only tolerate occasional exposure to wetness and vibration.  (R. 59).  In the ALJ's finding, it was noted that Plaintiff could tolerate occasional exposure to concentrated levels of respiratory irritants such as fumes, odors, dusts, gases, and poor ventilation, but he could not work near

2

workplace hazards like dangerous moving machinery and unprotected heights.  (R. 59).  The ALJ found that Plaintiff could frequently but not continuously use his eyes for tasks requiring fine visual acuity, such as reading or working with small parts, and he should not work in a position involving the operation of a motor vehicle.  (R. 59).  In addition, the ALJ found that on a sustained basis Plaintiff can understand, remember, and carry out simple instructions; use judgment in making simple work-related decisions; respond appropriately to supervision, coworkers, and usual work situations, and can deal with changes in a routine work setting.  (R. 59).

For the fifth and final step, the ALJ determined that based on Plaintiff's age, education, work experience, and residual functional capacity, Plaintiff has the capability to perform a significant number of jobs existing in the national economy.  (R. 65-66).  Thus, the ALJ concluded Plaintiff has not been under a disability, as defined by the Social Security Act, from December 22, 2015, through the date of the ALJ's decision.  (R. 67).

After an unsuccessful appeal of adverse determinations to the Appeals Council, Plaintiff filed the present action.  (R. 1; Compl., DN 1).  The Magistrate Judge issued Findings of Fact, Conclusions of Law and Recommendation ("R&R") recommending that the Court uphold the ALJ's determination and dismiss the Complaint.  (R&R 24, DN 22).  Plaintiff then objected to the R&R.  (Pl.'s Obj., DN 23).

## II.    JURISDICTION

The Court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision.  *See* 42 U.S.C. § 405(g).

## III.    STANDARD OF REVIEW

Social security cases may receive different levels of review in federal district courts. The Federal Magistrates Act allows district judges to designate magistrate judges to issue "proposed findings of facts and recommendations for disposition . . . ." 28 U.S.C. § 636(b)(1)(B). The magistrate judge then files a recommendation, to which each party may object within fourteen days. *See* 28 U.S.C. § 636(b)(1). Those parts of the report to which objections are raised are reviewed by the district judge de novo. *See id.* This differs from the standard applied to the Commissioner of Social Security's decision, which is reviewed to determine "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted).

Evidence that a "reasonable mind might accept as adequate to support a conclusion" is substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). It is "more than a scintilla of evidence but less than a preponderance . . . ." *Rogers*, 486 F.3d at 241 (internal quotation marks omitted) (citations omitted). Where substantial evidence supports the ALJ's decision, a court is obliged to affirm. *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (citation omitted). A court should not attempt to resolve conflicts of evidence or questions of credibility. *See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). The district court may consider any evidence in the record, regardless of whether cited in the ALJ's decision. *See Mullen v. Bowen*, 800 F.2d 535, 545-46 (6th Cir. 1986).

## IV.   **DISCUSSION**

In his objection, Plaintiff challenges the sufficiency of the reasons stated by the ALJ in discounting the assessment by Plaintiff's treating physician, Jack Anderson, D.O. ("Dr. Anderson").[2]  (Pl.'s Obj. 1-2).

The applicable social security regulations contain a procedural requirement that the SSA "always give good reasons in [its] notice of determination or decision for the weight [it] give[s] [a claimant's] treating source's medical opinion."  20 C.F.R. § 416.927(c)(2); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) ("The regulation requires the agency to 'give good reasons' for not giving weight to a treating physician in the context of a disability determination."  (citing 20 C.F.R. § 404.1527(d)(2))).  As the Sixth Circuit has noted:

> The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied.  This requirement also ensures that the ALJ applies the treating physician rule [in 20 C.F.R. § 416.927(c)(2)] and permits meaningful review of the ALJ's application of the rule.

*Wilson*, 378 F.3d at 544 (internal quotation marks omitted) (internal citation omitted) (citation omitted).  When a treating physician's opinions are not given controlling weight, "the opinion is weighed based on the length, frequency, nature, and extent of the treatment relationship, as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence." *Gayheart v. Comm'r of Soc. Sec.*,

---

[2] Plaintiff also incorporates by reference the arguments he raised in his Fact and Law Summary. (Pl.'s Obj. 1).  The Court construes that statement as a general objection to the R&R and, as a sister court has aptly noted, "[a] general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the [magistrate judge]'s efforts and wastes judicial economy." *United States v. Luke*, No. 6:15-CR-10-GFVT, 2016 WL 7191662, at *2 (E.D. Ky. Dec. 12, 2016) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).  Accordingly, the Court will only address in detail the specific basis raised by Plaintiff in the objection.

710 F.3d 365, 376 (6th Cir. 2013) (internal citation omitted) (citing 20 C.F.R. § 404.1527(c)(2)-(6)).

As the Magistrate Judge noted in the R&R, the ALJ considered the opinions of Dr. Anderson, and it can be inferred that Dr. Anderson's opinions were given little weight because they were inconsistent with other evidence in the record.  (R&R 13-14).   Likewise, Dr. Anderson's opinions were given little weight because objective observations did not support Dr. Anderson's opinions as to the degree of Plaintiff's physical limitations.  (R&R 14; R. 64).  While Plaintiff clearly disagrees with the ALJ's findings, the ALJ was permitted to disregard Dr. Anderson's opinions based on the record in this matter.  *See* 20 C.F.R. § 404.1527(c)(3), (6); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that the ALJ is not bound by a treating physician's opinion that plaintiff is totally disabled where there is substantive evidence to the contrary).

Further, as correctly noted by the Magistrate Judge, the ALJ gave controlling weight to the opinions of Dr. Culbertson, who conducted an independent evaluation.  As the Magistrate Judge noted:

> The ALJ explained that he gave Dr. Culbertson's opinion significant weight because the State agency evaluator conducted a comprehensive records review, formulated his conclusion based upon his expertise, and his opinion is generally consistent with the evidence of record.  . . . [C]onsistent with applicable law, the ALJ explained that he adjusted some of the limitations in that opinion based on evidence received after Dr. Culbertson reviewed the record and expressed his opinion.  Thus, the ALJ's determination concerning the weight accorded to Dr. Culbertson's opinion is supported by substantial evidence in the record and comports with applicable law.

(R&R 14 (internal citations omitted)).  The ALJ's finding against Plaintiff in this instance is supported by substantial evidence, as concluded by the Magistrate Judge.

For these reasons, the ALJ's decision was supported by substantial evidence. Accordingly, the Court will overrule the objection.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 22) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY**, Plaintiff's Objection (DN 23) is **OVERRULED**, and the Complaint (DN 1) is **DISMISSED**.  The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

August 24, 2021

cc:    counsel of record